**H. C. YOUMANS et al., Appellants,**

v.

**Louis CORPORA, Appellee.**

**No. 5736.**

Court of Civil Appeals of Texas,
Waco.

May 26, 1977.

Joe B. Cannon, Cannon, Cannon & Reed, Groesbeck, for appellants.

A. J. Novelli, Houston, for appellee.

HALL, Justice.

Louis Corpora brought this suit against H. C. Youmans and Benny Hanna to recover on a check in the amount of $3,000.00 which is payable to Corpora and executed by the defendants. Corpora alleged that defendants agreed to buy some cattle from him and gave him the check as an earnest money deposit; that thereafter the price of beef dropped, and defendants refused to consummate the agreement and stopped payment on the check. Defendants answered with a general denial and a special plea that it was Corpora who breached the contract, and that he was unable to timely perform the agreement because his herd was quarantined as the result of an outbreak of brucellosis. After trial to the court without a jury, judgment was rendered that Corpora recover $3,000.00 from defendants. They appeal. We affirm.

Under the first two of their three points of error, defendants assert in effect that the evidence conclusively establishes that the cattle in question were under brucellosis quarantine when the contract was made and that for this reason, under the provisions of Article 7014f–1, Vernon's Tex. Civ.St., the contract was illegal and therefore void. Under their third point they assert the contract should have been set aside because Corpora fraudulently failed to tell them about the quarantine when the contract was made. We overrule these contentions for these reasons: First, illegality of contract and fraud are both defenses

which must be affirmatively pleaded in accordance with the provisions of Rule 94, Vernon's Tex.Rules Civ.Proc., else they are waived. Neither was pleaded here. Secondly, although the moving and transportation of quarantined animals is prohibited by Article 7014f–1, the statute does not declare the sale of such animals to be illegal. Lastly, the evidence does not conclusively show that Corpora knew of the quarantine when the contract was made, and it does not conclusively establish that the cattle were in fact under quarantine at the time finally agreed upon by the parties for delivery.

 There is proof of these facts: Corpora owned cattle located on separate farms at Highbank, Texas, and Kosse, Texas. On February 9, 1974, the contract in question was made by which Corpora agreed to sell and defendants agreed to buy 100 steers and 160 heifers located at Highbank for a total price of approximately $75,000.00. On the same day, defendants gave Corpora the earnest money check. February 13th was the agreed date for delivery of the cattle. On February 12th, Hanna, on behalf of defendants, called Corpora and asked him if he could hold the cattle for a few more days. Corpora agreed to do so. But, at this time, Corpora told Hanna, "That I had a little bit of a problem. A mistake. The State Animal Health Department had sent me a notice telling me that I was quarantined on the Highbank place. The quarantine was [actually] in effect on the Kosse farm. And all I had to do was get that straightened out. And I talked to Dr. Ciceros, I believe his name is, that they had the wrong place quarantined . . . and I had to change the place." Hanna said that would not be a problem, and told Corpora that defendants would get the cattle in about five days or a week. Ten days later, after defendants had failed to get the cattle, Corpora called Hanna and asked him when defendants intended to effect delivery. Hanna said he did not know. At this time, the cattle at Highbank were not under quarantine, and Corpora was ready, able, and willing to deliver. Later, defendants refused to accept the cattle. Corpora

negotiated the earnest money check, but it was returned unpaid. Between February 9th and February 13th, 1974, and continuously thereafter into the fall of the year, the price of cattle suffered a steady decline.

This evidence raises fact questions on defendants' asserted defenses, and also supports the implied findings of breach of the contract by defendants upon which the judgment is based.

The judgment is affirmed.